## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY DEAN SCROGGINS, # 86655,  )
)
             **Plaintiff,**  )
)
    **vs.**  )       **Case No. 14-cv-701-MJR**
)
**MADISON COUNTY JAIL**  )
**(Medical Staff and Deputies),**  )
)
           **Defendants.**  )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at the Madison County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He raises several claims, including failure to address his medical needs, lack of access to the yard, no haircuts, and exposure to unsanitary conditions.

The complaint alleges that Plaintiff was prescribed two medications to treat him for paranoid schizophrenia. He was to take Serequel twice a day and Visteral three times a day (Doc. 1, p. 5). An officer named Mik Hare (who is not specifically named as a Defendant in the complaint) came to pass out medications and became angry because other inmates were trying to sneak their medications to their cell instead of taking them immediately after their distribution. When Plaintiff received his pills, he was unable to swallow them both at the same time. Officer Hare saw Plaintiff holding one pill in his hand (after apparently taking the first one), and screamed at him. After this incident, Officer Hare cut off Plaintiff's medication entirely.

Plaintiff further states that he has "never had a yard call" for 34 days. He has had no haircuts, and is required to share an electric razor with other inmates. The jail has mold, the

sewer is backed up, and inmates are not given any spray or brush to clean the shower.

Finally, in the "Grievance Procedure" section of his complaint form, Plaintiff claims that he has told Jail officers (whom he does not identify) that he has blood in his stool (Doc. 1, p. 4). However, they have not allowed him to get medical attention for this problem, and instead told him that the nurse had already left.

As relief, Plaintiff seeks compensation and a "time cut" (Doc. 1, p. 6). He further includes his home address, noting that he "should be out in a month or two." *Id.*

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

At the outset, the Court observes that Plaintiff's complaint suggests that he may be serving a sentence in the Jail pursuant to a court judgment of conviction, rather than being housed in the Jail as a pretrial detainee.  His note that he "should be out in a month or two" indicates that his sentence will have been served by that time and he will be released (Doc. 1, p. 6).  Alternatively, it could be construed as an optimistic assessment of the outcome of an upcoming trial.

If Plaintiff is a pretrial detainee, his civil rights claims arise under the Fourteenth Amendment; if he is a prisoner now serving a sentence, his claims are based on the Eighth Amendment.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013; *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).  For 'cruel and unusual punishment' claims brought by a detainee, just as for a convicted prisoner, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk.  *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review.

Because the Court cannot be sure of Plaintiff's status as prisoner or pretrial detainee, each of the amendments which may be implicated is listed:

**Count 1:**   Eighth Amendment (or Fourteenth Amendment) claim for deliberate indifference to serious medical needs against Officer Mik Hare,[1] for refusing to provide Plaintiff with his prescribed medications for a diagnosed mental health condition;

**Count 2:**   Eighth Amendment (or Fourteenth Amendment) claim for deliberate indifference to serious medical needs against the Unidentified (John Doe) Officers who refused to refer Plaintiff's request for medical attention for blood in his stool to the Jail nurse or doctor.

However, Plaintiff's allegations regarding his lack of access to the yard for 34 days (**Count 3**), the unsanitary conditions in the Jail (**Count 4**), and the denial of haircuts or a personal razor (**Count 5**) fail to state a claim upon which relief may be granted, and shall be dismissed as discussed below.

Further, Plaintiff cannot seek a "time cut" as a remedy for a violation of his civil rights in an action brought pursuant to § 1983.  A prisoner who is seeking release from custody must do so through a petition for habeas corpus relief, *see Preiser v. Rodriguez,* 411 U.S. 475, 484-85 (1973), which may only be pursued in federal court after the prisoner has first exhausted his remedies in state court.  28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

## Dismissal of Count 3 – Denial of Yard Access

Plaintiff claims that he has "never" been allowed to spend time in the yard, and states that he has not had a "yard call" for 34 days (Doc. 1, p. 5).  He does not say when his incarceration at the Jail began.  Taken together, his factual statements imply that he had only been in the Jail for 34 days as of the time his complaint was filed on June 17, 2014.

Prisoners need reasonable opportunities to engage in physical activity during their

---

[1] Because Plaintiff did not include Officer Mik Hare as a named Defendant (listing only unidentified/John Doe Jail Staff), the Clerk shall be directed to add Officer Hare as a Defendant in this action.

confinement.   The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened."  *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). However, "[u]nless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation."  *Harris*, 839 F.2d at 1236.  Courts have held that short periods of exercise denial, such as the 28 days in *Harris*, do not violate the Constitution.  *See also Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003) (37 days in segregation without exercise "is perhaps pushing the outer limits of acceptable restrictions" but does not create atypical and substantial hardship). However, longer periods without exercise may state a constitutional claim.  *See, e.g.*, *Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001) (6-month denial states a claim; a strong likelihood of injury is present after 90 days).

In Plaintiff's case, he does not allege that he has been deprived of all exercise, just that he has not been called to go to the yard.  The court in *Harris* noted that even prisoners who are confined to their cells may do aerobics or jog in place.  *Harris*, 839 F.2d at 1236.  The 34 days of yard denial, by itself, is not so prolonged or extreme as to amount to a constitutional violation.  Moreover, Plaintiff does not hint at any physical symptoms or other problems he may have suffered as a result of his inability to access the yard.  Nor does he indicate whether he requested to go to the yard or which jail official(s) were responsible for denying yard access.  As pled, the complaint fails to state a "cruel and unusual punishment" claim upon which relief may be granted, for the denial of yard access.   Accordingly, **Count 3** shall be dismissed without prejudice.

**Dismissal of Count 4 – Unsanitary Conditions**

Conditions of confinement may violate the Constitution if they result in the serious deprivation of a basic human need such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). Objectively, the condition must result in an unquestioned and serious deprivation of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347.

The subjective component requires that a prison official had a sufficiently culpable state of mind, which is deliberate indifference to an inmate's health or safety. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

In the instant case, Plaintiff's brief statement that the Jail conditions include mold, a sewer backup, and lack of cleaning products or utensils to clean the shower, is too general and vague to satisfy the objective component of a conditions claim. He does not indicate the duration of these problems or how they affected him. Further, he fails to mention whether he

asked any Jail official to remedy these conditions or if so, how they responded.  He thus provides no information for the Court to use in evaluating whether the subjective component has been met.

Accordingly, **Count 4** shall also be dismissed at this time for failure to state a claim upon which relief may be granted.  As with Count 3, the dismissal shall be without prejudice.

## Dismissal of Count 5 – Denial of Haircuts and Personal Razor

There is no constitutional right to regular haircuts in jail, and an inmate's right to possess a personal razor may be justifiably limited due to security or other concerns.  Sharing an electric razor with other prisoners, while distasteful, does not raise any obvious risk to Plaintiff's health, and he does not elaborate on any medical or safety concerns he may have related to this practice.  Further, he does not identify any prison official to whom he may have addressed any complaints on these issues, nor any response.  Again, the complaint fails to satisfy either the objective or subjective component of a conditions-of-confinement claim on these two matters. **Count 5** shall be dismissed with prejudice.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

The Clerk is **DIRECTED** to add the following party Defendant to this action: Officer **MIK HARE**.

**COUNTS 3 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 5** is **DISMISSED** with prejudice for failure to state

a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **HARE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

As to **COUNT 2**, service shall not be made on the Unknown (John Doe) Defendant Officers until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any

paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED: July 7, 2014**

          s/ MICHAEL J. REAGAN
          United States District Judge